UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KALIAPPAN STUBBS, | CASE NO. C20-1459JLR |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| BELLEVUE POLICE DEPARTMENT, et al., | |
| Defendants. | |

Before the court is Plaintiff Kaliappan Stubbs's complaint. (Compl. (Dkt. # 5).) Magistrate Judge Mary Alice Theiler granted Mr. Stubbs leave to proceed *in forma pauperis* ("IFP") on October 6, 2020. (10/6/20 Order (Dkt. # 4).) However, Magistrate Judge Theiler also recommended that the court review the complaint under 28 U.S.C. § 1915(e)(2)(B) prior to issuing any summons. (*See id.* at 1.) For the reasons below, the court dismisses Mr. Stubbs's complaint without prejudice and with leave to amend.

## I. DISCUSSION

Notwithstanding the payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP is subject to a mandatory *sua sponte* review and dismissal to the extent that it (1) "is frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (stating that 28 U.S.C. § 1915(e)(2)(B) applies to both prisoners and non-prisoners proceeding IFP); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

A *pro se* plaintiff's complaint is to be construed liberally, but it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Mr. Stubbs seeks to bring a claim based on alleged violations of the Fourteenth Amendment. (Compl. at 3.) He names as Defendants the Bellevue Police Department; Superior Tow, a private towing company; Marlene Hawthorne, a risk management claims specialist; and Sgt. Dave Deffenbaugh, an officer with the Bellevue Police Department. (*Id*. at 2-3.) Mr. Stubbs alleges that when he was released from "Lower Kittitas Jail" on May 19, 2019, he was not released with certain items of his property. (*Id*. at 8.) He also

1  alleges that he did not have this property when he was booked into King County Jail nor
2  when he was incarcerated "at RJC." (*Id.*) Mr. Stubbs seeks damages for allegedly
3  missing personal property items totaling $1,958.00. (*Id.*) He also seeks compensation
4  for two court fees from Lower Kittitas Court totaling $1,241.66, a Thurston County court
5  fee of $1,371.00, and a Whatcom County court fee of $102.00. (*Id.*) While these alleged
6  deprivations add to a sum of $4,672.66, Mr. Stubbs alleges damages totaling $10,735.35.
7  (*Id.*)

8        Because Mr. Stubbs alleges a violation of the Fourteenth Amendment (*id.* at 3),
9  the court construes his claim as one brought under 42 U.S.C. § 1983. In order to state a
10 claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation
11 of rights protected by the Constitution or created by federal statute, and (2) the violation
12 was proximately caused by a person acting under color of state law. *See Crumpton v.*
13 *Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must
14 allege facts showing how individually-named defendants caused, or personally
15 participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d
16 1350, 1355 (9th Cir. 1981). The court finds that, construed liberally, Mr. Stubbs's
17 complaint does not satisfy this second prong.

18       Mr. Stubbs's complaint lists three different facilities in which he was allegedly
19 detained and then released without his personal property. (*See* Compl. at 8.) Mr. Stubbs
20 also seeks courts fees from courts that are not located in jurisdictions where these alleged
21 detentions occurred. (*See id.* (naming Thurston County and Whatcom County court fees
22 as deprived property).) While Mr. Stubbs refers to a "police impound" and states that

1  "the towing company did not do an inventory" (*see id.*), he does not allege facts
2  establishing when this property was in his possession relative to the alleged detentions or
3  when the property stopped being in his possession (*see generally id*).  Mr. Stubbs also
4  does not describe how any of the Defendants were in a position to deprive him of his
5  property or how any of the Defendants' actions resulted in him being deprived of any
6  personal property or fees that he paid in Thurston and Whatcom Counties.  (*See generally
7  id.*)  In fact, aside from naming the Defendants, the complaint does not mention them
8  again.  (*See generally id.*)  Thus, the court finds that Mr. Stubbs has failed to allege facts
9  that demonstrate how any of the Defendants allegedly deprived him of property.
10      In addition, Mr. Stubbs appears to name two Defendants who cannot properly be
11 sued under 42 U.S.C. § 1983.  First, the Bellevue Police Department is a department or
12 agency of the city of Bellevue and "cannot be sued in its individual capacity because any
13 claim against it constitutes a claim against the city." *Chen v. D'Amico*,
14 No. C16-1877JLR, 2017 WL 5900352, at *1 n.2 (W.D. Wash. Nov. 30, 2017) (citing
15 *Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008)).  Second,
16 Superior Tow appears to be a private entity.  Private entities generally do not act under
17 the color of state law.  *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).  *But see
18 Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (describing four tests to determine
19 when private actor may be deemed to act under color of state law).  In order for Superior
20 Tow to be sued under 42 U.S.C. § 1983, Mr. Stubbs must allege facts that plausibly
21 support the inference that Superior Tow was acting under the color of state law.  He has
22 not done so here.  (*See generally* Compl.)

Because Mr. Stubbs's complaint fails to state a claim on which relief may be granted, dismissal without prejudice and with leave to amend is appropriate. *See Lopez*, 203 F.3d at 1127; *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

## II. CONCLUSION

Based on the foregoing, the court DISMISSES Mr. Stubbs's complaint (Dkt. # 5) WITHOUT PREJUDICE. If Mr. Stubbs chooses to file an amended complaint, he must do so within 21 days of the date of this order.

Dated this 16th day of December, 2020.

JAMES L. ROBART
United States District Judge